UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GRESHAM #272603,

        Plaintiff,                      Case No. 2:10-cv-239

v.                                          Honorable R. Allan Edgar

TONIA M. WOLAK, et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Michael Gresham, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Psychologist Tonia M. Wolak, Deputy Warden Nanette Norwood, Psychologist Kirt R. Dozeman, Unknown Curtis, Unknown Uuarana, Unknown Valesquez, Unknown Ockert, Unknown Marshall, Unknown Tipswood, Sergeant Unknown Cook, Sergeant Unknown Britton, Sergeant Unknown Neuins, Resident Unit Officer Unknown Reader, Lieutenant Unknown Maux, Assistant Resident Unit Supervisor Unknown Waters, Resident Unit Manager Unknown Payne, R.N. Unknown Delano, R.N. Betty J. Kemp, Marquette General Hospital, Inc., Dr. Robin Cook, R.N. Debra A. Seigneur, R.N. Tara Unknown Last, R.N. Tabitha Unknown Last, R.N. Mary Unknown Last, X-ray Technician Linda Unknown Last, X-ray Technician Joe Unknown Last, R.N. Darcie Unknown Last, Dr. Joan Reese, Labs Tech Jessica Robinson, Resident Unit Officer Unknown Cole, Resident Unit Officer Unknown Heilstien, Corrections Officer Chris Feltner, Corrections Officer Unknown Cairati, Sergeant Patricia Dwight Belfry, Corrections Officer Unknown Karki, Lieutenant R. Hartzill, Resident Unit Officer Pat Lay, Sergeant R. Brown, Resident Unit Officer J. Peterson, Resident Unit Officer Ron Segoi, Sergeant M. Cody, Assistant Resident Unit Supervisor Chad A. Lacount, Resident Unit Manager Ron Mercier, Corrections Officer Unknown Verville, Jr., Sergeant B. Dersk, Resident Unit Officer Unknown Smith, Resident Unit Officer Unknown King, Corrections Officer Unknown Figuroa, Sergeant Unknown Grandy, Lieutenant Unknown Reeves, Barbara Simpson, Jessica L. Zimbleman, Keith Barber, Debra Givens, S. Sonneburn, Mike A. Cox, and Former Governor Jennifer M. Granholm.

The allegations set forth in Plaintiff's amended complaint (docket #17) are somewhat incoherent. Initially, the court notes that Plaintiff seeks to use *Gresham v. Caruso, et al.*, Case No. 1:10-cv-1038 and the attachments as an exhibit in this case. However, Plaintiff fails to state the need for such an action. Therefore, the court will not consider that case as an exhibit in the instant action. In addition, the court notes that Plaintiff fails to allege any specific facts with regard to the majority of the listed Defendants in this case. In fact, the only Defendant named in the body of Plaintiff's complaint is Defendant Zimbleman. Plaintiff asserts that on September 13, 2010, he was stabbed by other prisoners during a transfer to IMAX. Plaintiff states that no photographs were taken of his injuries and that no action was taken to place Plaintiff in protective custody. However, Plaintiff fails to identify the Defendants allegedly involved in this action, nor does Plaintiff state that he suffered any injury as a result of this conduct.

Plaintiff also states that he is being wrongly imprisoned and that on March 15, 2010, the Michigan Parole and Commutations Board and Corrections Ombudsman received an actual innocence pardon application. Plaintiff claims that this application was based on the same information Plaintiff relied on in his state court case number 99-11190-FC. On July 21, 2010, Defendant Zimbleman informed Plaintiff that the MDOC would not consider his DNA evidence or his witness statements because Plaintiff had filed litigation against the MDOC. Plaintiff attaches a copy of the March 15, 2010, letter from the Michigan Parole and Commutation Board stating that Plaintiff's application was being returned to him because questions #2 and #6 were not complete. Plaintiff was instructed to complete these sections and return the application for consideration. (Docket #17-1, p. 10.)

For relief, Plaintiff seeks a reconsideration of his request for pardon and sentence commutation based on the evidence previously submitted to the state court. Plaintiff also seeks "over five hundred million and 50 billion in damages."

## II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Much of Plaintiff's complaint is incoherent, conclusory and unsupported by specific factual allegations. In fact, Plaintiff fails to specifically name any of the Defendants other than Defendant Zimbleman in the body of his amended complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.

1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Because Plaintiff fails to mention Defendants Wolak, Norwood, Dozeman, Curtis, Uuarana, Valesquez, Ockert, Marshall, Tipswood, Cook, Britton, Neuins, Reader, Maux, Waters, Payne, Delano, Kemp, Marquette General Hospital, Inc., Cook, Seigneur, R.N. Tara Unknown Last, R.N. Tabitha Unknown Last, R.N. Mary Unknown Last, X-ray Technician Linda Unknown Last, X-ray Technician Joe Unknown Last, R.N. Darcie Unknown Last, Dr. Joan Reese, Jessica Robinson, Cole, Heilstien, Feltner, Cairati, Belfry, Karki, Hartzill, Lay, R. Brown, J. Peterson, Ron Segoi, M. Cody, Lacount, Mercier, Verville, Dersk, Unknown Smith, King, Figuroa, Grandy, Reeves, Barbara Simpson, Keith Barber, Debra Givens, S. Sonneburn, Mike A. Cox, and Former Governor Jennifer M. Granholm in the body of his complaint, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, these Defendants will be dismissed for failure to state a claim.

As noted above, Plaintiff claims that on July 21, 2010, Defendant Zimbleman told him that his application for a pardon / commutation of sentence would not be granted because he had filed lawsuits against the MDOC. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

However, there is no indication that Defendant Zimbleman has any power to grant Plaintiff's request for a pardon and / or commutation of sentence. In fact, in Michigan, the pardoning power of the state is vested exclusively in the Governor. *People of Michigan v. Van Heck*, 252 Mich. App. 207, 216, 651 N.W.2d. 174, 179 (2002), *lv. app. denied* 467 Mich. 938, 656 N.W.2d 522 (2003). Therefore, even if she made such a comment, such a comment would not constitute an adverse action that would deter a person of ordinary firmness from engaging in protected conduct. Therefore, Plaintiff's retaliation claim against Defendant Zimbleman lacks merit.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, Plaintiff's pending motions for a preliminary injunction (docket #4), to produce docket sheets (docket #18), and for orders (docket #26 and #27) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        An Order and Judgment consistent with this Opinion will be entered.


Dated:   7/25/2011                          */s/ R. Allan Edgar*
                                                            R. Allan Edgar
                                                            United States District Judge